UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM GILBERT NEAL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-00478 |
| GC SERVICES LIMITED PARTNERSHIP and SPRINT CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, WILLIAM GILBERT NEAL ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of GC SERVICES LIMITED PARTNERSHIP ("GC Services") and SPRINT CORPORATION ("Sprint") (collectively as "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Bankruptcy Automatic Stay, 11 U.S.C §362 ("Automatic Stay") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.  Plaintiff is a 53 year old natural person residing at 959 E. Jackson Street, Martinsville, Indiana, which lies within the Southern District of Indiana.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6.  Plaintiff is a "debtor" as defined by 11 U.S.C §101(13) of the Bankruptcy Code.

### GC SERVICES

7.  "GC Services has been providing customer care and collection services within the telecommunications industry for two decades.  We are proud to state that we provide services to several of the nation's leading telecommunications providers.  In fact, telecommunications is the largest industry we serve within first party collections."[1]   With a principal office located at 6330 Gulfton, Suite 303, Houston, Texas, GC Services in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

8.  GC Services is licensed to conduct business with the Indiana Secretary of State under control number LP93110013 and collects consumer debts in Indiana.

9.  GC Services is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10.  On its website and correspondences, GC Services identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1985.[2]

---

[1] https://www.gcserv.com/AboutUs/IndustriesServed.aspx
[2] http://www.acainternational.org/memberdirectory.aspx.

SPRINT

11. Sprint is a telecommunications holding company that provides wireless services and is the fourth largest wireless network operator in the United States.

12. With a principal office located at 6200 Sprint Parkway, Overland Park, Kansas, Sprint in the business of providing telecommunication services to its customers, including services provided to Plaintiff.

13. Sprint is a Kansas corporation that is licensed to conduct business with the Indiana Secretary of State under control number 197607-339.

14. Sprint is a "creditor" as defined by 11 U.S.C §101(10) of the Bankruptcy Code.

### FACTS SUPPORTING CAUSES OF ACTION

15. On January 19, 2016, Plaintiff caused to be filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of Indiana, under case number 16-00255-RLM.  *See* attached Exhibit A is a true and correct copy of Plaintiff's Notice of Chapter 7 Bankruptcy Case.

16. Plaintiff's Bankruptcy filing afforded him the protections of the Automatic Stay under 11 U.S.C. §362.  *See* Exhibit A.

17. Scheduled within Plaintiff's Bankruptcy Petition was a nonpriority debt, owed by Plaintiff to Sprint for outstanding telecommunication services ("subject consumer debt").  *See* attached Exhibit B is a true and correct copy of a filing showing the subject consumer debt being scheduled in Plaintiff's Bankruptcy Petition.

18. The subject consumer debt had an account number associated with it ending in 1760. *See* Exhibit B.

19. Notice of Plaintiff's Bankruptcy Filing was sent to Sprint electronically by the Bankruptcy Noticing Center ("BNC") on January 21, 2016.  *See* Exhibit A.

20. Despite actual knowledge of Plaintiff's Bankruptcy Filing, Sprint sent him a bill in February 2016 seeking payment on the subject consumer debt.  *See* attached Exhibit C is a true and correct copy of the bill sent to Plaintiff by Sprint.

21. The bill sought payment in the amount of $1,417.06 and included a provision which read, "Your account is past due.  Please pay immediately."  *See* Exhibit C.

22. On February 16, 2016, Plaintiff attended a 341 Meeting of Creditors.  Neither Defendants attended this meeting.

23. Following the meeting, the Chapter 7 Trustee in Plaintiff's Bankruptcy Case issued a Report of No Distribution.

24. Neither Defendant has filed an appearance or any motions within Plaintiff's Bankruptcy.

25. On or around February 23, 2016, over a month after his Bankruptcy Case was filed, Plaintiff received a correspondence from GC Services seeking payment on the subject consumer debt.  *See* attached Exhibit D is a true and correct copy of the correspondence.

26. On the correspondence, GC Services identified itself as a debt collector and stated it was attempting to collect on a debt.  *See* Exhibit D.

27. Sprint turned over the collection of the subject consumer debt to GC Services with actual knowledge that Plaintiff was under the protection of the Automatic Stay.

28. Concerned over Defendant's continued attempts to collect on the subject consumer debt despite actual knowledge his Bankruptcy Case, Plaintiff engaged the services of CLP to bring the instant action.

29. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendants' collection actions.

30. Plaintiff has suffered economic harm as a result of Defendants' collection actions.

31. Plaintiff has been inconvenienced and harassed by Defendants' collection actions.

32. Plaintiff has been forced to question the validity of his Bankruptcy Case by Defendants' collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST GC SERVICES

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The FDCPA states, "A debt collector may not use unfair or unconscionable means to collect attempt or attempt to collect on any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. §§1692f and f(1).

35. GC Services violated 15 U.S.C. §§1692d, e, e(2), e(5), f, and f(1) when it sought payment against a consumer who was under the protection of the Automatic Stay.  The Automatic Stay acts as an injunction against creditors attempting to collect on debt that is properly scheduled.  Because Plaintiff was under the protection of the Automatic Stay and the subject consumer debt was properly listed in his Bankruptcy Petition, GC Services did not have the legal ability to seek payment without leave of the Bankruptcy Court.  GC Services never sought this relief.

36. As an experienced and sophisticated debt collector, GC Services knows that it cannot collect on debt against consumers that are under the protection of the Automatic Stay.  Despite this knowledge, GC Services took on the collection of a debt it had no legal ability to collect on.

37. As plead in paragraphs 28 through 32, Plaintiff was harmed by GC Services' illegal collection actions.

WHEREFORE, Plaintiff, WILLIAM GILBERT NEAL, respectfully requests that this Honorable Court enter judgment against GC SERVICES LIMITED PARTNERSHIP in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY AGAINST SPRINT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The Automatic Stays significantly limits most entities dealings with individuals under its protection.  Specifically, the Automatic Stay, "operates as a stay, applicable to all entities, of (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the cause of this title." 11 U.S.C. §362(a)(6).

40. Sprint violated 11 U.S.C. §362(a)(6) in actions against Plaintiff regarding the subject consumer debt. As evidenced by Exhibit A, Sprint had actual knowledge from the BNC abut Plaintiff's Bankruptcy Case. Despite this knowledge, Sprint not only sought payment on the subject consumer debt on its own, but also engaged the services of GC Services. As a sophisticated corporation, Sprint knows that it cannot collect on debtors that are protected by the Automatic Stay.

41. The Automatic Stay further provides, "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1).

42. As pled in paragraphs 28 through 32, Plaintiff has suffered damages as a result of Sprint's unlawful collection actions. Given the willful nature of Sprint's actions, its violation of the Automatic Stay should give this Honorable Court substantiation to assess punitive damages.

WHEREFORE, Plaintiffs, WILLIAM GILBERT NEAL, respectfully requests that this Honorable Court enter judgment against SPRINT CORPORATION in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 11 U.S.C. §362(k)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 11 U.S.C. §362(k)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 11 U.S.C. §362(k)(1); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 29, 2016                    Respectfully Submitted,

                                                    s/ Nathan C. Volheim
                                                    Nathan C. Volheim, Esq. #6302103
                                                    David S. Klain, Esq. #66305
                                                    Counsel for Plaintiff
                                                    Admitted in the Southern District of Indiana
                                                    Consumer Law Partners, LLC
                                                    435 N. Michigan Ave., Suite 1609
                                                    Chicago, Illinois 60611
                                                    (267) 422-1000 (phone)
                                                    (267) 422-2000 (fax)
                                                    nate.v@consumerlawpartners.com
                                                    davidklain@aol.com